In the Matter of BENJAMIN B. SCHERMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 30, 1970.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

*Benjamin B. Scherman*, respondent in person.

*Per Curiam.* The findings of the Referee that respondent converted to his own use the sum of $670 representing his clients' share of the proceeds of a settlement of a negligence action, after commingling his clients' funds with his own, and that respondent converted to his own use the sum of $320.37 which had been given to him by a client for the specific purpose of paying printing costs incurred in the prosecution of an appeal are confirmed. It appears, however, that respondent was under the misapprehension that he was not required to remit the clients' share of the settlement proceeds until he had settled the case against additional remaining defendants. At the time he misapplied the sum given to him for payment of the printing costs by the other client, the record discloses that his client was indebted to respondent in a sum in excess of the amount earmarked for the printing costs and respondent was under the misapprehension that he could apply the sum in reduction of the client's indebtedness.

Although respondent has paid his clients in full, he disregarded his professional obligation, in one case to keep his clients' share of the settlement proceeds as trust funds and not to make use thereof, and in the other case his obligation not to use his client's funds except for the specific purpose of paying the

printing bill. Although respondent was censured by this court in 1959 (7 A D 2d 446, 447) it was then found that "The lapses appear to be attributable to respondent's inexperience rather than any dishonesty or moral fault." The instant charges, which have been sustained, can no longer be ascribed to youthful inexperience. Under all the circumstances, respondent's conduct demonstrates a failure to conform to the standards expected of an attorney. He is guilty of professional misconduct and should be suspended for a period of two years.

STEVENS, P. J., EAGER, MCGIVERN, NUNEZ and MCNALLY, JJ., concur.

Respondent suspended for two years, effective June 1, 1970.